IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE CO. )<br>a/s/o Town and Country Grocers of )<br>Fredericktown, Missouri, Inc. )<br> )<br>and )<br> )<br>AMERICAN FAMILY MUTUAL )<br>INSURANCE CO. )<br>a/s/o Britton Enterprises, Inc. )<br> )<br>                Plaintiff, )<br> )<br>v. )<br> )<br>GENERAL ELECTRIC COMPANY and )<br>EATON CORPORATION, )<br> )<br>                Defendants. ) | Case No. _____ |

**COMPLAINT AND JURY DEMAND**

      Plaintiffs Liberty Mutual Fire Insurance Company as subrogee of Town and Country Grocers of Fredericktown, Missouri, Inc. and American Family Mutual Insurance Co. as subrogee of Britton Enterprises, Inc. (collectively hereinafter "Plaintiffs"), by and through their attorney of record, Nicholas A. Loyal of Nielsen Zehe & Antas, P.C., and hereby commence this action against General Electric Company and Eaton Corporation (hereinafter, "Defendants") for compensatory relief.  For their Complaint against Defendants, Plaintiffs state and alleges as follows:

**INTRODUCTION**

      1.    Town and Country Grocers of Fredericktown Missouri, Inc. (hereinafter, "Town and Country") suffered property damages and lost income when a fire damaged its grocery store located at 1 Parkway Center, Potosi, Missouri (hereinafter, "the Grocery Store").

2. As Town and Country's insurance company, Liberty Mutual Fire Insurance Company (hereinafter, "Liberty Mutual") paid more than $4,800,000 for damages resulting from that fire and brings this action against Defendants to recover those payments.

3. Britton Enterprises, Inc. (hereinafter, "Britton") suffered property damages when a fire damaged its retail stores located at 1 Parkway Center, Potosi, Missouri.

4. As Britton's insurance company, American Family Mutual Insurance Company (hereinafter, "American Family") paid $24,574.90 for damages resulting from that fire and brings this action against Defendants to recover those payments.

## PARTIES

5. Subrogor Town and Country owns and operates the Grocery Store and approximately 40 other grocery stores located throughout Missouri. Town and Country's principal place of business is located at 208 Lincoln Drive, Fredericktown, Missouri, and its State of Incorporation is Missouri.

6. Subrogor Britton owns and operates retail stores in a "strip-mall" located alongside the Grocery store in a shopping plaza in Potosi, Missouri. Britton's principal place of business is located at 10742 State Highway 185 Potosi, Missouri and its state of incorporation is Missouri.

7. Plaintiff Liberty Mutual is a property and casualty insurance company authorized and licensed to do business in Missouri. Liberty Mutual's principal place of business is located in the State of Massachusetts and its State of Incorporation is Wisconsin.

8. Plaintiff American Family is a property and casualty insurance company authorized and licensed to do business in Missouri. American Family's principal place of business is located in the State of Wisconsin and its State of Incorporation is Wisconsin.

9. Defendant General Electric Company (hereinafter "GE") is a company that, among other things, designs, manufactures and sells metal-halide light bulbs (a.k.a "lamps"). GE's principal place of business is located in the State of Connecticut and its State of Incorporation is New York.

10. Upon information and belief and at all times relevant, Cooper Lighting, LLC (hereinafter, "Cooper Lighting") designed, manufactured and sold metal-halide lighting fixtures (a.k.a "luminaries"). Upon information and belief, Eaton Corporation (hereinafter, "Eaton") is the successor in interest to Cooper Lighting and, as such, has assumed certain Cooper Lighting liabilities including its liability for manufacturing and selling unreasonably dangerous products. Upon information and belief, Eaton is an Ohio Corporation with its principal place of business in the State of Ohio.

## JURISDICTION AND VENUE

11. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

12. This Court has personal jurisdiction over Town and Country and Britton as they do continual business at a grocery store and strip mall located at 1 Parkway Shopping Center, Potosi, MO 63664.

13. This Court has personal jurisdiction over GE as it maintains an agent for service of process within this district, located at 120 South Central Avenue, Clayton, MO 63105, and as GE is engaged in sufficient and ongoing minimum contacts with this forum so as to subject it to this court's personal jurisdiction.

3

14. This Court has personal jurisdiction over Eaton as Eaton and/or its predecessor in interest, Cooper Lighting, have engaged in minimum contacts with the state of Missouri by and through the transaction of business and sale of products within this state that are sufficient to bring Eaton under the purview of Missouri's long-arm statute as described in R.S.Mo § 506.500.1(1).

15. The Court is a proper venue for this action pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the fire at the Grocery Store, occurred in this Judicial District.

## FACTS COMMON TO ALL COUNTS

16. Town and Country purchased the Grocery Store in 2005.

17. Upon information and belief, when Town and Country purchased the Grocery Store, it was equipped with Lumark Lighting H.I.D. Fixtures that were manufactured by Cooper Lighting to be used with metal-halide light bulbs. These fixtures were suspended from the ceiling including one located above the produce section (hereinafter, "the Cooper Fixture").

18. Upon information and belief, Cooper Lighting manufactured and sold the Cooper Fixture.

19. Upon information and belief and at all times relevant, Cooper Lighting regularly sold metal-halide light fixtures in Missouri.

20. Upon information and belief and at all times relevant, Cooper Lighting regularly shipped metal-halide light fixtures to customers in Missouri.

21. Upon information and belief, when Town and Country purchased the Grocery Store, there were 400-watt, Type S, metal-halide light bulbs already installed in the metal-halide fixtures including the Cooper Fixture.

22. Upon information and belief, in 2009, Town and Country decided to replace the metal-halide light bulbs at the Grocery Store.

23. Upon information and belief, Town and Country purchased replacement metal-halide light bulbs of the same wattage and type (400-watt and Type S) as the existing metal-halide light bulbs.

24. As part of that light bulb replacement project, Town and Country installed a 400-watt, Type S, metal-halide light bulb in the Cooper Fixture (hereinafter, "the GE Bulb").

25. Upon information and belief, GE manufactured and sold the GE Bulb.

26. Upon information and belief, GE packaged and sold the GE Bulb in a cardboard sleeve on which were printed certain warnings and instructions.

27. Upon information and belief and at all times relevant, GE regularly sold metal-halide light bulbs in Missouri.

28. Upon information and belief and at all times relevant, GE regularly shipped metal-halide light bulbs to customers in Missouri.

29. As designed, manufactured and sold by GE, the GE Bulb included a threaded base for screwing the GE Bulb into a fixture.

30. As designed, manufactured and sold by GE, the GE Bulb included a quartz tube, which is called an "arc tube," mounted inside the bulb.

31. The arc tube for the GE Bulb had a normal operating temperature of approximately 2000 degrees Fahrenheit.

32. The arc tube for the GE Bulb had a normal operating pressure of approximately 440 pounds per square inch.

33. The arc tubes in metal-halide light bulbs weaken over time under normal operations.

34. The arc tubes in metal-halide light bulbs sometimes explode and eject hot fragments.

35. As designed, manufactured and sold by Cooper Lighting, the Cooper Fixture was an "open fixture", meaning that it lacked any kind of shield, guard or other means to capture hot fragments from an exploded arc tube and prevent them from reaching combustible materials.

36. By way of comparison, a "closed fixture" includes a shield, guard or other means to capture hot fragments from an exploded arc tube and prevent them from reaching combustible materials.

37. As designed, manufactured and sold by GE, the GE Bulb lacked a double bulb or other means to capture hot fragments from an exploded arc tube and prevent them from reaching combustible materials.

38. As designed, manufactured and sold by GE, the GE Bulb had a base that allowed it to be used in an "open fixture."

39. On or about July 27, 2012, a fire occurred at the Grocery Store (hereinafter, "the Fire").

40. The Fire occurred as a direct and proximate result of the arc tube exploding in the GE Bulb and ejecting hot fragments onto combustible materials.

41. Smoke resulting from that fire passed into other buildings in the strip mall connected to the Grocery store, causing smoke damage.

42. As a direct and proximate result of the Fire, Town and Country sustained property damages and lost profits in a combined amount greater than $4,800,000.

43. As a direct and proximate result of the Fire, American Family sustained property damage totaling $24,574.90.

44. Liberty Mutual insured the Grocery Store pursuant to a written insurance policy, Policy Number YU2-L9L-444960-012, which was in effect from March 9, 2012 to March 9, 2013 (hereinafter, the "Policy"). A copy of the Policy is attached hereto as Exhibit A.

45. American Family insured the other retail stores pursuant to a written insurance policy, Policy Number 24 XK8471-02, which was in effect from July 10, 2012 to July 10, 2013 (hereinafter, the "Britton Policy"). A copy of the declarations page for the Britton Policy is attached hereto as Exhibit B.

46. Town and Country made a claim with Liberty Mutual for damages resulting from the Fire, Claim No. 541059400.

47. Britton made a claim with American Family for damages resulting from the Fire, Claim No. 225-000030.

48. As a direct and proximate result of the Fire, Liberty Mutual paid $4,887,726.21 for Town and Country's damages, after applying the $50,000 deductible under the Policy.

49. As a direct and proximate result of the Fire, American Family paid $24,574.90 for Britton's damages.

50. Liberty Mutual is subrogated to Town and Country's rights to the extent of those payments.

51. American Family is subrogated to Britton's rights to the extent of those payments.

## COUNT I
**Strict Product Liability- Design Defect Action Against General Electric Company**

52. The Plaintiffs re-allege the above paragraphs 1-51 as if fully set forth herein.

7

53. GE manufactured and sold the GE Bulb that Town and Country installed in the Cooper Fixture.

54. At all times relevant, Town and Country used the GE Bulb in a manner reasonably anticipated by GE.

55. Town and Country did not misuse the GE Bulb.

56. As manufactured and sold by GE, the GE Bulb had a defective design because it lacked the means to capture hot fragments from an exploded arc tube and had a threaded base that allowed it to be screwed into an open fixture.

57. One or more of those design defects made the GE Bulb product unreasonably dangerous to the user or consumer.

58. One or more of those design defects made the GE Bulb dangerous to an extent beyond that which would be contemplated by the ordinary and prudent buyer, consumer or user of that product in the Grocery Store's community.

59. As a direct and proximate result of the defective and unreasonably dangerous condition of the GE Bulb, the Fire occurred and Town and Country suffered the damages complained of herein.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that the Court grant the following relief in their favor and against General Electric:

1. A money judgment in an amount greater than $75,000 with the specific amount to be proved at trial;

2. Prejudgment interest;

3. Plaintiffs costs and disbursements in bringing this action; and

4. Such other relief as the Court deems just and owing.

## COUNT II

**Strict Product Liability- Failure to Warn Action Against General Electric Company**

60. The Plaintiffs re-alleges the above paragraphs 1-59 as if fully set forth herein.

61. GE manufactured and sold the GE Bulb that Town and Country installed in the Cooper Fixture.

62. At all times relevant, Town and Country used the GE Bulb in a manner reasonably anticipated by GE.

63. Town and Country did not misuse the GE Bulb.

64. As manufactured and sold by GE, the GE Bulb was defective in that it failed to include obvious, conspicuous warnings about the danger of explosive failure associated with the use of metal halide lamps.

65 The failure to warn about the danger presented the GE Bulb made the GE Bulb product unreasonably dangerous to the user or consumer.

66. The failure to warn about the danger presented the GE Bulb made the GE Bulb product unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary and prudent buyer, consumer or user of that product in the Grocery Store's community.

67. As a direct and proximate result of the defective and unreasonably dangerous condition of GE Bulb, the Fire occurred and Town and Country suffered the damages complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that the Court grant the following relief in their favor and against General Electric:

1. A money judgment in an amount greater than $75,000 with the specific amount to be proved at trial;

2. Prejudgment interest;

3. Plaintiffs costs and disbursements in bringing this action; and

4. Such other relief as the Court deems just and owing.

## COUNT III
### Negligence Action Against General Electric Company

68. The Plaintiff re-alleges the above paragraphs 1-67 as if fully set forth herein.

69. GE manufactured and sold the GE Bulb that Town and Country installed in the Cooper Fixture.

70. At all times relevant, Town and Country used the GE Bulb in a manner reasonably anticipated by GE.

71. Town and Country did not misuse the GE Bulb.

72. GE owed Town and Country a duty to design, manufacture and provide warnings with the GE Bulb in such a way as to protect consumers from the danger presented by the GE Bulb exploding, ejecting hot fragments, and damaging their property.

73. GE breached the duties it owed to Town and Country by selling a product that was unreasonably dangerous by reason of its design defects and its lack of adequate warnings.

74. As a direct and proximate result of GE's breach of its duties to Town and Country, the Fire occurred and Town and Country suffered the damages complained of herein.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that the Court grant the following relief in their favor and against General Electric:

1. A money judgment in an amount greater than $75,000 with the specific amount to be proved at trial;

2. Prejudgment interest;

3. Plaintiffs costs and disbursements in bringing this action; and

4. Such other relief as the Court deems just and owing.

## COUNT IV
### Breach of Warranty Against General Electric Company

75. The Plaintiff re-alleges the above paragraphs 1-74 as if fully set forth herein.

76. GE manufactured and sold the GE Bulb that Town and Country installed in the Cooper Fixture.

77. GE manufactured and sold the GE Bulb that Town and Country installed in the Cooper Fixture.

78. At all times relevant, Town and Country used the GE Bulb in a manner reasonably anticipated by GE.

79. Town and Country did not misuse the GE Bulb.

80. GE was at all relevant times a merchant with regards to sales of the GE Bulb.

81. By selling the GE Bulb, GE extended to Town and Country a warranty of merchantability.

82. GE breached the warranty of merchantability that it extended to Town and Country by and through the sale of the GE bulb by supplying a product that was unreasonably dangerous by reason of its design defects and its lack of adequate warnings.

83. As a direct and proximate result of that breach of warranty, the Fire occurred and Town and Country suffered the damages complained of herein.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that the Court grant the following relief in their favor and against General Electric:

1. A money judgment in an amount greater than $75,000 with the specific amount to be proved at trial;

2. Prejudgment interest;

3. Plaintiffs costs and disbursements in bringing this action; and

4. Such other relief as the Court deems just and owing.

## COUNT V
### Strict Product Liability Claim Against Eaton Corporation

84. The Plaintiffs re-alleges the above paragraphs 1-83 as if fully set forth herein.

85. Cooper Lighting manufactured and sold the Cooper Fixture that Town and Country installed the GE Bulb into.

86. Cooper Lighting manufactured and sold the Cooper Fixture with the intention that said fixture be used with metal-halide lamps such as the GE Bulb.

87. At all times relevant, Town and Country used the Cooper Fixture in a manner reasonably anticipated by Cooper Lighting.

88. Town and Country did not misuse the Cooper Fixture.

89. As manufactured and sold by Cooper Lighting, the Cooper Fixture had a defective design because it lacked any kind of shield, guard or other means to capture hot fragments from an exploded arc tube and prevent them from reaching combustible materials.

90. One or more of those design defects made the Cooper Fixture product unreasonably dangerous to the user or consumer.

91. One or more of those design defects made the Cooper Fixture dangerous to an extent beyond that which would be contemplated by the ordinary and prudent buyer, consumer or user of that product in the Grocery Store's community.

92. As a direct and proximate result of the defective and unreasonably dangerous condition of the Cooper Fixture, the Fire occurred and Town and Country suffered the damages complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that the Court grant the following relief in their favor and against Eaton Corporation:

1. A money judgment in an amount greater than $75,000 with the specific amount to be proved at trial;

2. Prejudgment interest;

3. Plaintiffs costs and disbursements in bringing this action; and

4. Such other relief as the Court deems just and owing.

## COUNT VI
### Negligence Action Against Eaton Corporation

93. The Plaintiff re-alleges the above paragraphs 1-92 as if fully set forth herein.

94. Cooper Lighting manufactured and sold the Cooper Fixture that Town and Country installed the GE Bulb into.

95. Cooper Lighting manufactured and sold the Cooper Fixture with the intention that said fixture be used with metal-halide lamps such as the GE Bulb.

96. At all times relevant, Town and Country used the Cooper Fixture in a manner reasonably anticipated by Cooper Lighting.

97. Town and Country did not misuse the Cooper Fixture.

98. Cooper Lighting owed Town and Country a duty to design and manufacture the Cooper Fixture in such a way as to protect consumers from the danger presented by the GE Bulb exploding, ejecting hot fragments, and damaging their property.

99. Cooper Lighting breached the duties it owed to Town and Country by selling a product that was unreasonably dangerous by reason of its design defects and its lack of adequate warnings.

100. As a direct and proximate result of Cooper Lighting's breach of its duties to Town and Country, the Fire occurred and Town and Country suffered the damages complained of herein.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that the Court grant the following relief in their favor and against Eaton Corporation:

1. A money judgment in an amount greater than $75,000 with the specific amount to be proved at trial;
2. Prejudgment interest;
3. Plaintiffs costs and disbursements in bringing this action; and
4. Such other relief as the Court deems just and owing.

**COUNT VII**
**Breach of Warranty Claim Against Eaton Corporation**

101. The Plaintiff re-alleges the above paragraphs 1-100 as if fully set forth herein.

102. Cooper Lighting manufactured and sold the Cooper Fixture that Town and Country installed the GE Bulb into.

103. Cooper Lighting manufactured and sold the Cooper Fixture with the intention that said fixture be used with metal-halide lamps such as the GE Bulb.

14

104. At all times relevant, Town and Country used the Cooper Fixture in a manner reasonably anticipated by GE.

105. Town and Country did not misuse the Cooper Fixture.

106. Cooper Lighting was at all relevant times a merchant with regards to sales of the Cooper Fixture.

107. By selling the Cooper Fixture, Cooper Lighting extended to Town and Country a warranty of merchantability.

108. Cooper Lighting breached the warranty of merchantability that it extended to Town and Country by and through the sale of the Cooper Fixture by supplying a product that was unreasonably dangerous by reason of its design defects and its lack of adequate warnings.

109. As a direct and proximate result of that breach of warranty, the Fire occurred and Town and Country suffered the damages complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that the Court grant the following relief in their favor and against Eaton Corporation:

1. A money judgment in an amount greater than $75,000 with the specific amount to be proved at trial;

2. Prejudgment interest;

3. Plaintiffs costs and disbursements in bringing this action; and

4. Such other relief as the Court deems just and owing.

Date: June 22, 2015

s/Nicholas A. Loyal
Nicholas A. Loyal, # 63978MO
Nielsen, Zehe & Antas, P.C.
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
nloyal@nzalaw.com
(312) 322-9900
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Court via the Court's CM/ECF electronic filing system and forwarded this 22nd day of June, 2015, to all parties listed to be noticed.

s/Nicholas A. Loyal
