UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-976-CEJ |
| ) | |
| GENERAL ELECTRIC CO. ) | |
| and COOPER LIGHTING, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant General Electric Company's motion for leave to file an amended third-party complaint against Town & Country Grocers of Fredericktown, Missouri, Inc. Also before the Court are plaintiff and Town & Country's motions to dismiss the original third-party complaint, pursuant to Fed. R. Civ. P. 12(b)(6). The issues are fully briefed.

**I. Background**

On July 27, 2012, a fire occurred at Town & Country Grocers. At the time of the fire, Town & Country was insured by plaintiff Liberty Mutual Fire Insurance Company. After plaintiff paid the claim, it brought this action against defendants under a theory of subrogation. Later, Town & Country assigned to plaintiff its right to pursue recovery against any third party related to the fire. The complaint was then amended to reflect the assignment.

In the amended complaint, plaintiff alleges that the fire was caused by defective metal-halide light bulbs manufactured by defendant General Electric Company or the fixtures designed to house the bulbs manufactured by defendant Cooper Lighting, LLC. The plaintiff asserts claims of strict products liability, negligence, and breach of warranty against both defendants.

In its answer to the amended complaint, GE asserted the affirmative defense of comparative fault based on the allegation that Town & Country was negligent in using and installing the bulbs. GE subsequently filed a third-party complaint against Town & Country, which it now seeks leave to amend. The sole basis for the original and amended third-party complaints is GE's allegation that Town & Country negligently caused or contributed to the fire. GE seeks contribution from Town & Country in proportion to the latter's negligence. It is undisputed that Missouri law applies in this action, and that Town & Country cannot be liable to plaintiff because it is plaintiff's assignor.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Scheuer*, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see id.* at 563 (stating that the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–84 (2009)

(holding that the pleading standard set forth in *Twombly* applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III.  Discussion

Missouri applies "comparative fault" to negligence and products liability actions. *Coomer v. Kan. City Royals Baseball Corp.*, 437 S.W.3d 184, 191 (Mo. 2014) (en banc) (citing *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. 1983) (en banc)); *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 438–41 (Mo. 2002) (en banc). A "[d]efendant may plead and prove the fault of the plaintiff as an affirmative defense." *Gramex Corp.*, 89 S.W.3d at 441 (quoting Mo. Rev. Stat. § 537.765.2). Here, GE pled comparative fault as an affirmative defense, and Town & Country's recovery would be reduced by its degree of fault for the fire. An assignee "steps into the shoes of the assignor" and has the "rights or interests" the "assignor had at the time the assignment was made." *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 128 (Mo. 2010) (en banc) (citations omitted). Therefore, plaintiff's recovery, if any, will be reduced by Town & Country's degree of fault for the fire.

"When two or more persons become liable in tort to the same person for the same harm, there is a right of contribution among them." *Gramex Corp.*, 89 S.W.3d at 442 (quotation marks and citation omitted). However, "[t]o maintain an action for contribution, both the party seeking contribution and the defendant against whom contribution is sought must be . . . tortfeasors, originally liable to the plaintiff-injured party." *Id.* (quotation marks and citation omitted). The same principles apply to a cause of action for indemnity. *See State ex rel. Baldwin v. Gaertner*, 613 S.W.2d 638, 640–41 (Mo. 1981) (en banc).

It is undisputed Town & Country was the injured party. Thus, it cannot be

liable to itself and cannot be liable for contribution to GE as a joint tortfeasor against itself.  Nor is there any basis under which Town & Country would be required to indemnify GE for GE's liability to Town & Country.   Those principles apply to bar GE's contribution and indemnity claims against Town & Country in this action because plaintiff stands in Town & Country's shoes as its assignee.  Rather, GE is simply entitled to a reduction of plaintiff's recovery, if any, in proportion to Town & Country's comparative degree of fault, if any.

Because GE has no valid third-party claim for contribution or indemnity against Town & Country, the original third-party complaint will be dismissed with prejudice. GE's motion for leave to file amend is moot.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of plaintiff Liberty Mutual Fire Insurance Co. and third-party defendant Town & Country Grocers to dismiss the original third-party complaint [Docs. ##39, 56] are **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant General Electric Company motion for leave to file an amended third-party complaint [Doc. #50] is **moot**.

A separate order of partial dismissal will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2016.

4