UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-976-CEJ |
| | ) | |
| GENERAL ELECTRIC CO. | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to compel defendant to answer plaintiff's Interrogatory No. 16 and Requests for Production Nos. 20 and 23. Plaintiff seeks discovery about prior incidents or claims related to the "non-passive" failure of defendant's Type S metal-halide light bulbs. According to plaintiff, the bulbs operate at high pressures and high temperatures. Non-passive failures are a consequence of the bulbs weakening over time under normal operating conditions. The bulbs shatter and eject "hot" fragments. The fire that gave rise to plaintiff's products liability, negligence, and breach of warranty claims allegedly was caused at least in part by one such failure.

The parties conferred, and two disputes remain unresolved. First, the parties agree that defendant will disclose evidence of prior incidents or claims related to the non-passive failure of the bulbs, but they disagree as to the relevant scope. Plaintiff seeks evidence of all prior incidents or claims related to non-passive failures of the bulbs. Defendant objects to disclosing evidence of incidents or claims that did not result in a "fire or smoldering of materials." Defendant concedes that evidence of prior incidents or claims related to the non-passive failure of the bulbs is relevant to plaintiff's products liability claims. Indeed, "[d]iscovery may be allowed where a plaintiff alleges that the defendant was on notice of a defect, that an alternative design was feasible and the defendant had knowledge of the same, that a defendant did not eliminate a previously occurring defect in design, or that previous, similar accidents related to the accident at

issue had occurred." *McAllister-Lewis v. Goodyear Dunlop Tires N. Am., Ltd.*, No. 4:14-CV-04103-LLP, 2015 WL 4886539, at *10 (D.S.D. Aug. 17, 2015), *supplemented*, 2015 WL 5794697 (Oct. 1, 2015). "[T]he substantial similarity rule does not require identical products . . . only . . . substantial similarity among those variables which are relative to the plaintiff's theory of defect." *Id.* at *11 (quotation marks and citation omitted).

*McAllister-Lewis* is persuasive. In that case, the defendant was compelled to produce records of other alleged incidents involving similar products. *See id.* Here, plaintiff seeks only information about other incidents involving precisely the same product, which is of even greater import to the instant claims than the discovery compelled in *McAllister-Lewis*. *See id.* Missouri courts have likewise repeatedly held evidence of prior incidents of the type plaintiff seeks are relevant. *See, e.g.*, *State ex rel. Stolfa v. Ely*, 875 S.W.2d 579, 581 (Mo. Ct. App. 1994).

Defendant makes much of the fact that in some instances the bulbs at issue shatter and eject hot fragments that happen not to land on flammable materials. Whether or not in a particular instance hot fragments caused smoldering or a fire is not the salient issue. Plaintiff's claims are premised in part on the design of and warnings accompanying the bulbs, which implicates the risks that the bulbs would shatter, and defendant's knowledge thereof. Though instances in which particular bulbs shattered and caused fires are obviously more useful comparators, the evidence of all incidents or claims related to non-passive failures is relevant to plaintiff's claims. *See McAllister-Lewis*, 2015 WL 4886539, at *10–11. Consequently, defendant will be ordered to produce that information.

The second area of dispute concerns the time period covered by the discovery. The parties agree to a ten-year disclosure time frame, but they disagree as to the beginning and end dates of that period. Plaintiff proposes the relevant time frame begins

ten years before the date of the fire: July 27, 2002 – July 27, 2012. Defendant counter-proposes the ten-year period should be measured from approximately the date of this discovery dispute: February 8, 2006 – February 8, 2016. Unlike plaintiff, defendant offers no explanation for the start and end dates it selected, which are not tethered to any meaningful events in this case.

Plaintiff's request for information covering a ten-year period before the fire is reasonable because the gravamen of its claims is that defendant knew its product could cause a fire *before* the instant fire occurred. *See id.* at *8. In contrast, defendant's arbitrarily selected timeframe would limit plaintiff to six years of relevant information from before the fire and would provide plaintiff with evidence regarding non-passive failures that occurred years after the fire. Such evidence is irrelevant to what defendant knew and did before the fire. *See id.* ("only earlier accidents can be relevant to the issue of notice" (quotation marks and citation omitted)). Therefore, defendant will be required to produce evidence of prior incidents or claims related to any non-passive failure of the bulbs from July 27, 2002 to July 27, 2012.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. #59] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2016.